NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HATTERAS PRESS, INC., | : | CIVIL ACTION NO. 16-5420 (MLC) |
| | : | |
| | : | **MEMORANDUM OPINION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AVANTI COMPUTER SYSTEMS LIMITED, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**COOPER, District Judge**

## INTRODUCTION

Plaintiff Hatteras Press, Inc. ("Hatteras") is a commercial printing company that entered into a License Agreement with Defendant Avanti Computer Systems Limited ("Avanti") to use Avanti's proprietary "Slingshot" software platform. Hatteras alleges that the Slingshot software platform has not functioned properly and has sued Avanti for damages under several theories of liability. Avanti has moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP) for failing to state a claim. (Dkt. 5.)[1] Avanti argues Hatteras' claims should be dismissed for various reasons, including that some are insufficiently pleaded under the FRCP. (Dkt. 5-3.) In responding to Avanti's motion,

---

[1] The Court will cite to documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers as "dkt." Pincites reference ECF pagination.

Hatteras included new factual allegations and evidence in its opposition papers. (Dkt. 7) Such allegations and evidence, however, are not properly considered when evaluating a motion to dismiss. Instead, and as Hatteras requests in its opposition brief, Hatteras will be allowed the opportunity to move for leave to file an amended complaint. Should Hatteras successfully move to amend its Complaint, Avanti may move to dismiss the Amended Complaint. Should Hatteras decline to move for leave to amend its Complaint, or have its motion for leave to amend denied, Avanti may move again to dismiss the Complaint as filed. For now, Avanti's motion to dismiss (dkt. 5) will be denied without prejudice. The Court resolves this motion without oral argument. See L.Civ.R. 78.1(b).

## DISCUSSION

### I.      Factual and Procedural Background

Hatteras is a commercial printing company that entered into a License Agreement with Avanti in August 2014 to use Avanti's proprietary "Slingshot" software platform. (Dkt. 5-3 at 10.) The Slingshot software platform is designed to assist commercial printers with various aspects of their business. (Id.) Hatteras alleges that Avanti made numerous false representations about the capabilities of the platform and further alleges that the Slingshot software platform has proven to be "worthless and useless." (Dkt. 5-2 at 3–5.) Consequently, Hatteras sued Avanti for damages under a number of legal theories, and specifically: (1) common law fraud and fraud in the inducement; (2) violations of the New Jersey and Delaware Consumer Fraud Acts; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) breach of warranty; and (6) unjust enrichment. (Id. at 6–11.)

Avanti has moved to dismiss all of Hatteras' claims.  First, Avanti argues that Hatteras has improperly tried to "bootstrap" a breach of contract claim into a fraud claim and that the alleged fraud claims have not been pleaded with the particularity required under FRCP Rule 9(b).  (Dkt. 5-3 at 16–19.)  Second, Avanti argues that New Jersey and Delaware consumer fraud statutes are inapplicable given the nature of the parties' transaction and that the consumer fraud claims are inadequately pleaded under FRCP Rule 9(b).  (Id. at 19–24.)  Third, Avanti argues that it did not breach the terms of the License Agreement.  (Id. at 24–26.)  Fourth, Avanti argues that Hatteras has insufficiently pleaded details of any allegedly-breached warranties and, further, that Hatteras failed to provide adequate notice regarding any alleged breaches of warranty.  (Id. at 27–29.)  Fifth, Avanti argues that Hatteras has insufficiently pleaded its claim for breach of the implied covenant of good faith and fair dealing, and further that such a claim should fail regardless because the dispute is covered by the express terms of the License Agreement.  (Id. at 29–31.)  Sixth, Avanti argues that Hatteras' unjust enrichment claim is barred because the License Agreement governs the rights and obligations of the parties.  (Id. at 31–32.)  Finally, Avanti argues that all claims for consequential damages, attorneys' fees, and costs of suit must be dismissed because they are expressly disclaimed in the License Agreement.  (Id. at 32.)

Hatteras filed an opposition brief (dkt. 7, 7-1, and 7-2), a supplemental declaration from Hatteras' Vice President of Special Projects and Technology (dkt. 7-3), a supplemental declaration from Hatteras' President (dkt. 7-4), and a supplemental attorney declaration with 12 exhibits including an expert report (dkt. 7-5 to dkt. 7-10).  In its opposition brief, Hatteras raises numerous responses to Avanti's arguments, many citing the various supplemental

declarations and exhibits filed with its opposition papers. Hatteras also contends that Avanti's motion to dismiss should have been filed as a motion for a more definite statement under FRCP Rule 12(e) and at the very least Hatteras should be given the opportunity to amend its Complaint. (Dkt. 7-1 at 1–3.)[2]

## II.     Legal Standards

FRCP Rule 8(a) requires pleadings to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to survive a motion to dismiss, a plaintiff must state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility exists when the factual content related to the claim permits the Court to draw a reasonable inference that a defendant is liable for the alleged misconduct. Id. Judicial experience and common sense guide that determination. Id. at 679. Although the Court must accept all factual allegations as true, the Court need not do the same for legal conclusions. Id. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" cannot survive a motion to dismiss. Id.

FRCP Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "The purpose of Rule 9(b) is to provide notice of the precise misconduct with which the defendants are charged and to prevent false or unsubstantiated charges." Rolo v. City Inv. Co.

---

[2] Because this Court will allow Hatteras the opportunity to move for leave to amend its Complaint, we do not address Hatteras' contention that Avanti's motion to dismiss under Rule 12(b)(6) should be converted into a Rule 12(e) motion for a more definite statement. (Dkt. 7-1 at 2–3.)

Liquidating Trust, 155 F.3d 644, 658 (3d Cir. 1998) (internal quotation and citation omitted). "To satisfy this standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007). The allegations also must include "who made a misrepresentation to whom and the general content of the misrepresentation." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004).

The Court, when considering a motion to dismiss filed pursuant to Rule 12(b)(6), generally may not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). There a few exceptions to this rule, including exhibits that are attached to the pleadings, and documents integral to or explicitly relied upon in the pleadings. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). It is axiomatic, however, that the complaint may not be amended by the briefs in opposition to a motion to dismiss. See Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Likewise, inadequate factual allegations in a complaint cannot be remedied by statements in the plaintiff's brief. See Clements v. Sanofi-Aventis, U.S., Inc., 111 F. Supp. 3d 586, 601 (D.N.J. 2015).

**III. Application**

Avanti has moved to dismiss four of Hatteras' six claims on the grounds that they are not well-pleaded. Rather than move for leave to file an amended complaint, Hatteras has attempted to supplement its Complaint with additional factual allegations and evidentiary submissions. (See, e.g., dkt. 7 at 12–18; dkt. 7-3 to dkt. 7-10.) Many of these documents—including declarations from senior Hatteras officers and an entire expert report—are plainly

5

outside the scope of what the Court may consider when evaluating a motion to dismiss. See Burlington Coat, 114 F.3d at 1426.

In its opposition brief[3], Hatteras submits that it should have the opportunity to amend its Complaint. (See, e.g., dkt. 7-1 at 11.) Instead of considering the parties' arguments piecemeal and without reference to Hatteras' procedurally-improper additional allegations, the Court will allow Hatteras the opportunity to move for leave to file an amended complaint. Accordingly, Hatteras may move for leave to file an amended complaint on or before November 17, 2016 in accordance with the FRCP and Local Civil Rules.[4] Should Hatteras's motion to amend its Complaint be successful, Avanti may move to dismiss the Amended Complaint in accordance with the FRCP and Local Civil Rules. Should Hatteras decline to move for leave to amend its Complaint, or have its motion for leave to amend denied, Avanti may move again to dismiss the Complaint as filed in accordance with the FRCP and Local Civil Rules. For now, Avanti's motion to dismiss will be denied without prejudice.

---

[3] Absent special permission from the Magistrate Judge or District Judge prior to submitting a brief, Local Civil Rule 7.2 sets a 40 page limit for opposition briefs (30 pages if the brief uses a 12-point proportional font such as Times New Roman). The Court reserves the right strike any further briefing that does not conform to the Local Civil Rules.

[4] Among other requirements, Local Civil Rule 7.1(f) requires that a party moving for leave to amend its complaint must attach a copy of the proposed pleading or amendments.

## CONCLUSION

For the reasons discussed above, the Court will deny the Defendant's Motion to Dismiss (dkt. 5) without prejudice. The Court will issue an appropriate order.

 s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

**Dated:** October 18, 2016